# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Sheilah Toinette Cason, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:17-cv-801-PMD-KFM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff Sheilah Toinette Cason's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 22 & 20). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Cason's objections and adopts the R & R.

## PROCEDURAL HISTORY

On May 9, 2018, the Magistrate Judge issued his R & R recommending that the Court affirm the Commissioner's decision. Cason filed objections on May 23, and the Commissioner replied on June 6. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

A reviewing court must uphold the findings and conclusions of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In reviewing for substantial evidence, [the Court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its own] judgment for that of the [ALJ]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the decision is left to the judgment of the ALJ. *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987)).

Cason raises three objections to the R & R. First, she objects to the weight the ALJ gave to the opinions of Cason's various doctors. Second, she argues that the ALJ failed to properly consider the amount of time she would need to be away from work in determining her RFC and that an RFC that allows for occasional bending will require her to have more medical appointments

than estimated by the Magistrate Judge. Third, she argues that the ALJ failed to properly evaluate her subjective complaints of pain.

**I. Weight Given to the Opinions of Treating Physician and Surgeons**

Cason argues that there was nothing contradictory about Dr. Angel's statement that Cason cannot work and that she was a possible candidate for vocational rehabilitation. Therefore, she argues, Dr. Angel's opinion should have been given more weight, especially since she was her treating physician. The Court finds this argument unpersuasive. Cason argues that "vocational rehabilitation is not the same as performing full time competitive work activity." (Pl.'s Objs. R & R, ECF No. 22, at 1.) While that may be so, it is not a particularly meaningful comparison given that the point of vocational rehabilitation would be that it would enable Cason to be more able to work in the future. Moreover, this comparison does not get at the reason the ALJ found Dr. Angel's opinion to be contradictory. Rather, the ALJ found Dr. Angel's opinion to be contradictory because on the same "physician's statement of disability" form, she reported both that Cason was totally disabled as well as that she was a possible candidate for vocational rehabilitation. (Social Security Admin. R., ECF No. 8-4, at 1028.) This was arguably not a contradiction on the particular form if it is assumed that Dr. Angel only meant Cason was *temporarily* totally disabled, but Dr. Angel had repeatedly stated on prior evaluations that she believed Cason could not perform the functions of any job and was not expected to improve. Thus, the ALJ could properly conclude that Dr. Angel's opinions were internally contradictory.

Cason also objects to the Magistrate Judge's statement that Dr. Angel's opinions were not supported by the negative or modest findings from her own examinations. Cason argues that Dr. Angel's negative or modest findings on upper body tests are not meaningful since the reason Cason quit working was due to pain while bending and stooping. However, as the Magistrate Judge

3

explained, the ALJ thoroughly detailed Dr. Angel's examinations which showed normal spine curvature, normal range of motion, and normal upper extremity strength. Some of these examinations focused on Cason's upper body strength and movement because Cason had pain in her left arm at that time. The ALJ properly detailed all of Dr. Angel's findings but gave them little weight in part because these modest and mild findings did not support Dr. Angel's own conclusions, such as that Cason could not lift any weight whatsoever. The ALJ found that Dr. Angel's opinions were overly restrictive and thus only merited little weight. In examining the ALJ's conclusions regarding lifting, it was wholly appropriate for the Magistrate Judge to cite the ALJ's own recitation of Dr. Angel's findings related to lifting—that is, normal range of motion and strength in Cason's upper body.

Cason further argues that the ALJ should not have given great weight to the opinion of two surgeons, Dr. Parramore and Dr. Bachinski, because those opinions were only based on Cason's limitations due to a hernia. Cason argues that the Magistrate Judge failed to address this argument, and only explained that the ALJ's assignment of great weight was supported by Dr. Parramore's specialization without considering the other factors used to determine the weight given to a medical opinion. Contrary to Cason's assertion, the ALJ did not specify a weight given to the opinions of Dr. Bachinski. However, the ALJ did afford great weight to the findings of Dr. Parramore, which are generally consistent with those of Dr. Bachinski. The ALJ also stated he gave little weight to Dr. Angel's opinions because they were contradicted by surgeons and specialists, including Dr. Parramore and Dr. Bachinski. As both the ALJ and the Magistrate Judge explained, Dr. Bachinski was Cason's gastroenterologist who evaluated her for pain related to her ileostomy, which Cason asserts in her objections as the primary reason she stopped working. Dr. Parramore is also a specialist—a surgeon who performed Cason's ileostomy surgery seven years

before her alleged onset of disability and who also saw her for her reports of pain exacerbated by bending. Due to their specializations and the reason that Cason sought their opinions, both opinions focus on Cason's ileostomy, a small hernia, and her abdominal pain. The ALJ could properly discount Dr. Angel's opinions on Cason's abdominal pain because it conflicted with the conclusions of these experts. In addition, the ALJ could properly give great weight to Dr. Parramore's opinion that the hernia was not disabling since he was a specialist with "intimate knowledge of the claimant's surgical history." (Social Security Admin. R., ECF No. 7-5, at 201.) Contrary to Cason's suggestion, the ALJ did not rely on Dr. Parramore's opinion for the broader question of whether or not she was disabled, but instead focused on the fact that his opinion was that the "hernia in and of itself . . . was not disabling." (*Id.*) Thus, the ALJ did not overgeneralize Dr. Parramore's findings.

Cason further objects that the Magistrate Judge only pointed to Dr. Parramore's specialization as justification for the ALJ affording his opinions great weight, ignoring the length of treatment, frequency of examination, and the nature and extent of the treatment relationship between him and Cason. However, these factors were clearly considered by the ALJ and the Magistrate Judge since both noted that Dr. Parramore performed her ileostomy surgery in 2005, had seen Cason a number of times over the years (including for surgical revisions of her ileostomy), and had "intimate knowledge" of her surgical history. (*Id.*)

**II. Absenteeism and RFC That Permits Occasional Bending**

Cason objects that the ALJ failed to properly consider her need to miss work, and makes several arguments in support of that objection. As the Magistrate Judge explained, the ALJ gave significant weight to the opinion of Dr. Burke who said that Cason could maintain a regular work schedule though she would miss an occasional day. The Magistrate Judge further explained that

5

the ALJ factored in time for flare-ups of Cason's gastrointestinal disease. The ALJ allowed for Cason to miss two days of work per month to account for the serious nature of her past surgeries, even though her gastrointestinal disease was stable. Nonetheless, Cason complains that the ALJ failed to discuss the frequency of her medical treatment. The Court disagrees. The ALJ detailed many of Cason's appointments from 2012 through 2014 and noted that she was continuing to be monitored by Dr. Angel, who said she saw Cason once every three months. Thus, the ALJ did discuss the frequency of her past medical treatment and considered her need for days off in the future.[1] Cason further complains that the Magistrate Judge did not note the specific number of appointments that she had in certain months. However, the Magistrate Judge did properly address Cason's absenteeism concerns and found that the ALJ's determination was supported by substantial evidence. Finally, Cason argues that her experience with increased pain from bending while in the library assistant position shows that she cannot work. However, the ALJ agreed that Cason could not return to her past work and instead gave her an RFC that corresponded to less rigorous work with only occasional bending. That determination is supported by substantial evidence.

**III. Subjective Complaints**

Finally, Cason argues that when evaluating her subjective complaints of pain, the ALJ failed to mention the pain and nausea medication given to her during her visits to the emergency room, and that he mentioned her ability to engage in daily activities "without proper consideration of the qualifying nature of those activities." (Pl.'s Objs. R & R, ECF No. 22, at 7.) Both the Magistrate Judge and the ALJ properly examined Cason's subjective complaints of pain as

---

1. Cason's reliance on *Poston v. Berryhill*, No. 1:17-cv-345-MBS-SVH, 2017 WL 6326864, at *24 (D.S.C. Nov. 13, 2017), *adopted by* No. 1:17-cv-345-MBS, 2017 WL 6270588 (D.S.C. Dec. 7, 2017), is unavailing because the record in that case, unlike Cason's, contained significant evidence that the frequency of claimant's ongoing medical treatment would interfere with his ability to complete a normal workday and workweek.

6

explained in her hearing testimony and in her reports to her doctors, and objective evidence of her pain. The ALJ noted that at each of Cason's five emergency room visits, examinations found that her lungs and ileostomy site were normal, and that she had minimal abdominal tenderness. The ALJ also noted that Cason was discharged from some of these visits after determinations that her abdominal pain, nausea, and diarrhea were the result of viral infections, not her ongoing conditions. Thus, the ALJ properly considered her emergency room visits, and his conclusion that her subjective complaints were not fully credible was supported by substantial evidence.

Lastly, the ALJ did not err in noting that Cason performed many activities of daily living including running errands and caring for relatives, which the ALJ described as "physically and mentally demanding." (Social Security Admin. R., ECF No. 7-5, at 203.) Cason does not argue that this description was incorrect, only that it was incomplete in failing to mention the "qualifying nature" of those activities. However, it is clear from the ALJ's decision as a whole and from his determination that Cason can only engage in sedentary work that he fully acknowledged that Cason's ability to engage in daily activities is indeed limited.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Cason's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 24, 2018**
**Charleston, South Carolina**

7